# SUPREME COURT OF TEXAS.

## GALVESTON SESSION, JANUARY, 1869.

[HAMILTON, J., was not present at this session of the court.]

---

### THADDEUS S. BOONE v. THE STATE.

A motion for a continuance, to get witnesses to prove words of provocation, preceding an aggravated assault, was properly overruled. (Paschal's Dig., Art. 2986, Note 736.)

The tender of Confederate treasury notes for a fine and costs, during the rebellion, did not entitle the party to his discharge. (Paschal's Dig., Arts. 3167, 3167a, Note 766a.)

All laws passed to aid the rebellion were void. The law authorizing fines and forfeitures to be paid in that currency was in aid of the rebellion, and void. (Texas v. White & Chiles, 25 Tex. Supp., 467.)

APPEAL from Liberty. The case was tried before Hon. CHARLES L. CLEVELAND, one of the district judges.

In the record is found an affidavit for a continuance, to get witnesses to prove words of aggravation on the part of the person assaulted. But no diligence had been used, nor was there any bill of exceptions to the overruling the application. The record showed that in discharge of the fine and costs the appellant tendered Confederate treasury notes, new issue. The officers refused to receive these, and the defendant moved his discharge. He also moved for a new trial; but there was no statement of facts. As there was neither statement of facts nor bill of exceptions, there seemed to be nothing before the appellate court.

*John W. Harris*, for appellant.—The court erred in overruling the motion of the defendant to be discharged from

custody, &c., who tendered the amount of the fine and costs in new issue of the notes of the Confederate States. (See the act of the legislature of January 14, 1862, page 37, prescribing what funds may be received for certain public dues.)

And the 3d section provides, that the treasury notes and coupons issued by the Confederate States of America shall be receivable as money, &c., for office fees and taxes and all other dues to be collected by the state or in its name, &c., except specific taxes, for the object of paying the interest and principal on loans. It is observable that Confederate notes were receivable in payment of county taxes, while state warrants were not.

*F. C. Hume,* for the state.

CALDWELL, J.—Appellent was tried and convicted for an aggravated assault and battery, and fined $125. He appeals to this court, and for a reversal of the judgment assigns many errors, two of which only we deem material to notice.

First, the court erred in overruling appellant's application for a continuance. The proof he expected to make by the witnesses was, that the person upon whom the alleged assault was committed had told the witnesses that defendant had been guilty of theft, which the witnesses communicated to the defendant. If the witnesses had been present, the facts they would have deposed to would have been irrelevant and inadmissible. Second error in the court, in overruling defendant's application for a discharge, upon a tender in open court of the fine and costs in Confederate·treasury notes.

It has been repeatedly held by this court, that all statutes made in aid of the late rebellion were absolutely void, and it will not be seriously contended that an act of the legislature authorizing fines to be paid in Confederate notes was

not designed to give value to such currency, and thereby aid the rebellion.    We see no error in the record, and the judgment is

AFFIRMED.